June Term,
1861.

GUNN
v.
GREEN et al.

---

## GUNN vs. GREEN and another.

A person who purchases real estate from an heir before final settlement of the administration account, does not acquire such an interest in the settlement as entitles him to appeal from an order of the probate court directing the administrator to file the vouchers for moneys paid by him as stated in his final account, or from an order discharging the administrator from all further liability.

On such an appeal, the validity or regularity of the appointment of the administrator, or of an order of sale of the real estate for the payment of debts, cannot be called in question.

APPEAL from the Circuit Court for *Dodge* County.

The plaintiff, *Gunn*, appealed to the circuit court for Dodge county from two orders of the probate court of that county, made respectively on the 2d and 9th days of March, 1857. The nature of those orders and the interest claimed by the plaintiff will appear from the opinion of the court. The circuit court denied a motion by the defendants to dismiss the appeal, and after a hearing upon the merits, affirmed the orders appealed from.

*Smith & Ordway*, for appellant, contended, among other things, that all the proceedings in the county court relative to the estate in question were *coram non judice*, and void; and that no legal adminstration was ever had thereon.

*H. S. Lander*, for respondents, insisted that the appellant had no interest which could be affected by the orders of the probate court from which he had appealed.

*By the Court*, COLE, J. We do not think that the appellant has shown any such interest in the settlement of the administrator's account as entitles him to take an appeal from the orders made by the probate court. Those orders were, one that the administrator file with the probate court the vouchers for money paid out by him, as stated in his final account; and another, releasing and discharging the administrator from all further liabilities about his administration. It appears that the appellant purchased the interest of one of the heirs in the real estate, after letters of administration had been granted. And he claims, therefore, to be aggrieved by the orders of the probate court in respect to the settlement of the administrator's account. We are not able to see how the interests of the appellants are affected by those orders. We suppose the real questions which the appellant wishes to reach are, whether letters of administration were in the first instance properly granted to *Sandford S. Green*, and whether the proceedings of the probate court were legal and regular in ordering the sale of the real estate to pay the debts against the estate of George R. Green. But it is very clear that we cannot review those matters, because they are not legitimately and properly before us on

this appeal.    We cannot look beyond the orders of the probate court appealed from, and examine every thing which has been done by the probate court about the settlement of the estate of George R. Green.    Suppose the position taken by the counsel for the appellant is sound, and that the whole proceedings of the probate court in granting letters of administration, &c., are null and void.    Is that any reason why *Sandford S. Green*, who has been acting as administrator, should not settle up his account?    It is certainly for the interest of the heirs and creditors of the estate that he should do so.    Furthermore, if all those proceedings were *coram non judice*, and void, how can the appellant's title be affected by them?    They are a mere nullity on this supposition.    It appears to us that it was highly necessary and proper for the administrator to settle up his account.    If there is anything wrong in that settlement, the heirs and creditors should come into court and set it right.    But it is not for the appellant, because he has purchased the interest of one of the heirs in the real estate, but who cannot possibly have any rights to be affected by this settlement, to complain of it.    If he was interested in any real estate which was sold by the administrator, he should have contested the order of sale at the proper time.

We think the circuit court should have dismissed the appeal, on the ground that the appellant had no interests to be affected by the settlement of the administrator's account, and therefore had no right to appeal from the orders relating to it.

The judgment of the circuit court is therefore reversed, and the cause remanded, with directions to dismiss the appeal.